IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Justin Jermaine Johnson,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>Warden, Broad River Correctional Institution,<br><br>　　　　　　Respondent. | C/A No. 0:22-3210-CMC<br><br><br>Order |

　　This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").

　　Respondent filed a motion for summary judgment, as well as a return and memorandum of law on January 12, 2023. ECF Nos. 19, 20, 21. A *Roseboro* Order was mailed to Petitioner, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 22. Petitioner filed a response in opposition to summary judgment. ECF No. 26.

　　On May 4, 2023, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted on the merits. ECF No. 29. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed timely objections on May 17, 2023. ECF No. 31.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**Discussion**

In his § 2254 petition, Petitioner alleges the trial court erred in (1) admitting pre-death photos of the victims; (2) allowing a state's witness to testify via SKYPE; (3) finding Petitioner's testimony was voluntary although he says it was coerced; (4) denying a motion for mistrial and to empanel a new jury because Petitioner was led into the courthouse wearing orange handcuffs and escorted by several officers; (5) denying a motion for mistrial due to state's witness discussing facts and merits of the case within arm's length of jurors; and (6) sentencing applicant to five years imprisonment for possession of a firearm in commission of a violent crime when he was also sentenced to life without parole for the same crime. The Magistrate Judge recommends granting Respondent's motion for summary judgment and dismissing this case. ECF No. 29. Specifically, the report recommends dismissal of each of the grounds because: Grounds 1 and 6 are matters of

state law and not cognizable in a federal habeas petition, and the state Court of Appeals rejections of Grounds 2, 3, 4, and 5 were not contrary to or an unreasonable application of federal law, or based on unreasonable determinations of facts. Therefore, no ground survives summary judgment in this federal habeas action.

Petitioner objects to the Report. ECF No. 31. As to Ground 1, he asserts admission of the photographs violated Federal Rule of Evidence 403. *Id.* at 1. On Ground 2, he contends the Court of Appeals' determination was an unreasonable application of Rule 61 regarding Harmless Error, because the video testimony was used to corroborate other testimony and "properly confronting" the witness "could have resulted in different answers." *Id*. at 2. Petitioner objects to the findings on Ground 3 because his statement was a key piece of evidence and was coerced, not voluntary. For Grounds 4 and 5, Petitioner argues these were clear violations of federal law and it was not his burden to prove potential jurors were influenced by the handcuffs or statements made were heard by jurors. On Ground 6, Petitioner says his sentence is illegal and should be corrected.

Petitioner's objection on Ground 1 is overruled, as it relies on a Federal Rule of Evidence that would not have been utilized in his state court criminal proceedings. Petitioner attempts to rely on this Rule in order to make this ground cognizable in a federal habeas petition; however, his argument is to no avail. Ground 1 cannot be remedied in a federal proceeding and is thus dismissed.

Similarly, in Petitioner's objections to Ground 2, he attempts to utilize Federal Rule of Civil Procedure 61, "Harmless Error," to save his claim regarding the Appellate Court's finding of harmless error for the video testimony. However, the Federal Rules of Civil Procedure would not have applied in the South Carolina Appellate Court's determination of harmless error. To the extent Petitioner relies upon South Carolina Rule of Civil Procedure 61, there would not have been

3

an unreasonable application of federal law for this court to determine. Insofar as Petitioner alleges a violation of his Sixth Amendment right to confront witnesses against him, the court agrees with the Magistrate Judge that the South Carolina Court of Appeals' determination of harmless error was not contrary to, or an unreasonable application of, federal law, or was based on an unreasonable determination of the facts.

On Ground 3, Petitioner objects to the Magistrate Judge's determination that the Court of Appeals' decision was not contrary to federal law or an unreasonable determination of the facts. ECF No. 31 at 3. Petitioner asserts admission of the statement had a substantial and injurious impact on the verdict, because the State referred to the statement as its key piece of evidence. *Id.* He contends the statement was erroneously admitted because it was coerced by the officers. *Id.*

The court agrees with the Magistrate Judge that the Court of Appeals' determination regarding Petitioner's statement was not an unreasonable determination of the facts or contrary to federal law. Instead, as the Report explains, Petitioner's Sixth Amendment right was not violated as federal law allows comments such as those made by the officers during his interrogation. Further, there was no record evidence of coercion to the extent that Petitioner was unable to freely decide how to answer the officers' questions, or that Petitioner did not have capacity to be interrogated. The court overrules Petitioner's objections regarding Ground 3.

Petitioner objects to the Report's findings on Ground 4, arguing he should have been granted a mistrial because he was escorted by officers, in handcuffs, in view of potential jurors prior to jury selection. The Court of Appeals upheld the trial court's denial of a motion for mistrial, and the Report found this decision was not contrary to federal law or an unreasonable determination of the facts. Petitioner contends it was not his burden to attempt to remedy this via curative instruction or otherwise address the issue before the jury at *voir dire*. In addition, he

4

submits the Court of Appeals' decision was contrary to federal law because criminal defendants are to be tried free from bonds and shackles except in extraordinary circumstances.

However, Petitioner was not in the courtroom when he was in handcuffs, and cannot show any of the jury members saw him or were influenced by this if they did. Thus, the court agrees this determination by the Court of Appeals was not contrary to federal law or an unreasonable determination of the facts, and Petitioner's objection to Ground 4 is overruled.

On Ground 5, Petitioner argues a mistrial should have been granted because the jury was tainted by two of the State's witnesses discussing evidence in the case near potential jurors. The Court of Appeals affirmed denial of a mistrial because the record did not show any juror actually heard the comments or was prejudiced by them. Petitioner contends it does not matter whether jurors who specifically heard the statements or would admit to hearing them were identified, "because this is a blatant violation clearly establish federal law." ECF No. 31 at 4 (errors in original).

The court agrees with the Magistrate Judge the Court of Appeals' decision was not contrary to federal law or an unreasonable determination of the facts, when there was no record evidence of a jury member actually hearing the comments or being prejudiced by them. Petitioner's objection on this ground is therefore overruled.

Finally, the Report found Ground 6 was not cognizable in federal habeas petition. Petitioner claimed the trial court erred in sentencing him to five years' imprisonment for possession of a weapon in violation of state law providing it does not apply when sentenced to life without parole for an accompanying violent crime. Petitioner objects to the Report, noting he cannot cite any federal law but requests the court to review this unlawful sentencing. However, the court agrees

with the Report this state sentencing issue is not one cognizable in a habeas petition. Accordingly, the court overrules Petitioner's objection.

## Conclusion

For the reasons above, after *de novo* review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the findings and conclusions of the Magistrate Judge. Accordingly, the court adopts the Report, grants summary judgment for Respondent (ECF No. 20), and dismisses the Petition with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 27, 2023